# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Revelle Loving,<br><br>    Plaintiff,<br><br>v.<br><br>Thomas Roy, et al.,<br><br>    Defendants. | Case No. 12-cv-551 (SRN/LIB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Revelle Loving, #226530, MCF-OPH, 5329 Osgood Ave. N., Stillwater, Minnesota 55082, pro se Plaintiff.

Jackson Evans, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101-2127, on behalf of Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Plaintiff Revelle Loving's Objections [Doc. No. 41] to United States Magistrate Judge Leo I. Brisbois's July 23, 2013, Report and Recommendation ("R & R") [Doc. No. 40]. The Magistrate Judge recommended that Defendants'[1] Motion for Summary Judgment [Doc. No. 16] be granted, Plaintiff's Motion to Deny Defendants' Summary Judgment Motion [Doc. No. 29] be denied, and Plaintiff's claims be dismissed with

---

[1]    The defendants in this lawsuit are Thomas Roy, Kent Grandlienard, David Reishus, Lcie Stevenson, Michael Green, Charles Tobritzhofer, Bradley Gross, Rodney Rivard, Graham Besonen, Nick Ploussard, Aaron Johnson, Miscone Klin, and Zackery Nuehring.  As of the date of the Complaint, they were employees of the Minnesota

prejudice. (Report and Recommendation dated July 23, 2013 ("R & R"), at 23–24 [Doc. No. 40].) For the reasons set forth below, Plaintiff's objections are overruled and the Court adopts the R & R.

## II. BACKGROUND

The factual and procedural background of Plaintiff's case is well documented in the Magistrate Judge's R & R and is incorporated herein by reference.[2] Briefly stated, Plaintiff is a Minnesota state prison inmate. He was convicted in 2008 of first-degree premeditated murder and was sentenced to two concurrent terms of life in prison without the possibility of parole. See State v. Loving, 775 N.W.2d 872, 874, 877 (Minn. 2009). Plaintiff is currently incarcerated at the Minnesota Correctional Facility at Oak Park Heights ("MCF-OPH"). (See Monio Aff., Ex. B [Doc. No. 19].) He has an extensive record of disciplinary infractions, including assault, which has resulted in Plaintiff being housed in the administrative control unit. (See id., Ex. C.) In addition, on October 11, 2011, the Minnesota District Court for the Tenth Judicial District determined that Plaintiff "pose[d] a substantial likelihood of physical harm to [him]self or others" and ordered that Plaintiff be committed as mentally ill. (Puffer Aff., Ex. M [Doc. No. 18] (filed under seal).)

Plaintiff's Complaint in this matter was filed on March 1, 2012 [Doc. No. 1]. He asserts three causes of action against Defendants, in their official and individual capacities, pursuant to 42 U.S.C. § 1983. First, Plaintiff claims that Defendants provided him with

---

Department of Corrections. (See Compl. ¶¶ 3–10; Answer ¶ 6.)

[2] The Court recites background facts only to the extent necessary to rule on Plaintiff's objections.

contaminated food, and/or failed to prevent others from giving him contaminated food, in violation of the Eighth Amendment's prohibition of cruel and unusual punishment ("food contamination claims"). (See Compl. ¶¶ 12, 50–51.) Second, Plaintiff alleges that Defendants used excessive force in subduing him on December 18, 2011, also in violation of the Eighth Amendment ("excessive force claim"). (See id. ¶¶ 13–31, 49.) Third, Plaintiff claims that Defendants violated his right to due process under the Fourteenth Amendment by, among other things, denying him access to witnesses and a representative at a disciplinary hearing on January 3, 2012 ("due process claim"). (Id. ¶¶ 32–48, 52–53.)

Plaintiff's food contamination claims are based on multiple grievances that Plaintiff sent to Defendants Roy, Grandlienard, Reishus, and Stevenson. (See id. ¶ 12.) In those grievances, Plaintiff alleged that Defendants Besonen, Gross, Johnson, Nuehring, and Ploussard provided him with food that was contaminated with feces, urine, blood, phlegm, mucus, and drugs. (See Pl.'s Decl. of Food Contamination Grievances, Exs. A–D [Doc. No. 35]; Puffer Aff., Exs. B–H, N [Doc. No. 18] (filed under seal).)

Plaintiff's excessive force and due process claims arise out of an incident that occurred on December 18, 2011, which was recorded by two surveillance cameras and a hand-held video camera. (See Compl. ¶¶ 13–48; Monio Aff. ¶ 5 & Ex. D.) The video shows that as an officer was climbing a set of stairs, Plaintiff, who had been standing at the top of the stairs, lowered his shoulder into the officer and propelled them both down the staircase. (Id., Ex. D at File 1.) When they reached the bottom of the stairs, Plaintiff hit the officer in the head several times before the officer and several others were able to subdue Plaintiff on the ground. (See id.) At no time did the officers strike or kick Plaintiff.

3

Officers then began to escort Plaintiff to a nearby cell. (See id., Ex. D at Files 1, 3.) As seen on the video and reported by at least eight of the officers at the scene, Plaintiff actively resisted and was again brought to the ground as the officers tried to subdue him. (See id., Ex. D at Files 1–3 & Ex. E; Ploussard Aff., Ex. A [Doc. No. 21-1].) At least two officers stated that strikes were delivered during this second altercation in order to gain Plaintiff's compliance, and the video corroborates those statements. (See Monio Aff., Ex. D at File 3 & Ex. E.) In addition, Defendant Ploussard asserts that Plaintiff tried to bite him during the second altercation and that Defendant Ploussard, therefore, administered several strikes to Plaintiff's "brachial origin area" in an attempt to gain compliance. (Ploussard Aff. ¶ 6 & Ex. A [Doc. No. 21].) Plaintiff, on the other hand, claims that he did nothing to provoke the officers but that they punched and kicked him and banged his head against the floor. (Pl.'s Decl. in Resp. to Ploussard Aff. ¶¶ 2–3, 5–6, 9 [Doc. No. 32].) The medical report shows that, as a result of these altercations, Plaintiff sustained two lacerations on his face but did not report any neck pain, loss of vision, or loose teeth. (See Monio Aff., Ex. G.) On the other hand, Plaintiff asserts that he sustained gashes, lacerations, bruises, abrasions, black eyes, a chipped tooth, sprained wrists, scarring, and severe headaches. (Pl.'s Decl. of Injuries Caused by Defs. ¶¶ 2–3 [Doc. No. 36].)

The following day, Plaintiff was charged with several disciplinary counts of assaulting staff, disorderly conduct, and disobeying a direct order. (Compl. ¶ 33; Monio Aff., Ex. J.) The violations were marked as aggravated. (See Monio Aff., Ex. J.) On or about the same day, Plaintiff's request that all MCF-OPH staff listed in the disciplinary complaint be called as witnesses at his disciplinary hearing was denied. (Compl. ¶¶ 36–37.)

Plaintiff's disciplinary hearing was held before Defendant Green on January 3, 2012. (Id. ¶¶ 39–41; Monio Aff., Ex. M.) The hearing was conducted as a "minor" hearing, as opposed to a "major" hearing, because extended incarceration was not sought as a penalty. (See Monio Aff., Exs. I, M, N.) Pursuant to Minnesota Department of Corrections Policy No. 303.010, an inmate "can not have representation" and "can not call witnesses" in a hearing concerning "minor" violations. (Id., Ex. I, ¶ F.) Plaintiff pleaded not guilty to the charges and again requested that the MCF-OPH staff present at the December 18 incident, as well as an inmate, be called as witnesses. (See id., Ex. M; Compl. ¶ 41.) The request was again denied. (Compl. ¶ 41.) Plaintiff claims that he was also denied access to incident reports, the ability to present an affidavit as evidence, and the assistance of a staff representative. (Id.)

Based on incident reports, video evidence of the incident, and Plaintiff's statement that he did not dispute that he had assaulted prison staff, Defendant Green found that Plaintiff was guilty of three counts of aggravated assault and disorderly conduct. (See Monio Aff., Ex. M–N.) Plaintiff was sentenced to 690 days, or approximately 23 months, in segregation. (See id.; Compl. ¶ 42.) On January 19, 2012, Defendant Grandlienard, who was the warden of MCF-OPH, denied Plaintiff's administrative appeal of the disciplinary decision. (Compl. ¶¶ 45–46; Monio Aff., Ex. N.)

As noted above, Plaintiff filed his § 1983 Complaint in this Court on March 1, 2012. Defendants filed an Answer [Doc. No. 9] on April 24, 2012, and moved for summary judgment [Doc. No. 16] on October 25, 2012. Defendants filed a brief [Doc. No. 17] and four affidavits [Doc. Nos. 18–21] in support of their Motion for Summary Judgment. After

receiving an extension of time to respond [Doc. No. 26], Plaintiff filed a Motion to Deny Defendants' Summary Judgment Motion [Doc. No. 29], as well as a brief in opposition to Defendants' Summary Judgment Motion [Doc. No. 30] and six declarations [Doc. Nos. 31–36]. Defendants then filed a reply brief [Doc. No. 38].

The motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1, and the Magistrate Judge issued his R & R on July 23, 2013. He found that: Plaintiff had withdrawn his claims against Defendants in their official capacities and that those claims are barred as a matter of law, (R & R at 8 & n.12–13); Plaintiff's food contamination claim against Defendants Grandlienard, Reishus, Roy, and Stevenson fails as a matter of law because Plaintiff failed to allege, or present any admissible evidence of, any action on their part for which they could be liable, (id. at 9–11); Plaintiff failed to establish a genuine issue of material fact as to his food contamination claim against Defendants Besonen, Gross, Johnson, Nuehring, and Ploussard because the claim was unsupported by any objective evidence, (id. at 11–13); Plaintiff's excessive force claim fails as a matter of law because no reasonable jury could find that Defendants' use of force was not employed in a good faith effort to maintain or restore discipline, (id. at 13–17); and Plaintiff's due process claim fails because his sentence to segregation does not constitute denial of a constitutionally protected liberty interest and he was afforded all of the process to which he was entitled, (id. at 18–23). Therefore, the Magistrate Judge recommended that Defendants' Motion be granted and that all of Plaintiff's claims be dismissed with prejudice. (Id. at 23–24.)

In addition, the Magistrate Judge denied Plaintiff's Motion. (Id. at 23.) As the Magistrate Judge properly noted, Plaintiff's Motion to Deny Defendants' Summary Judgment Motion is not a motion seeking relief, but rather it is a notice of Plaintiff's intent to oppose Defendants' Motion for Summary Judgment. (See id. at 1 n.2.) Therefore, this Court will similarly deny Plaintiff's Motion but will fully consider Plaintiff's related filings in opposition to Defendants' Motion. (See id.)

### III.     DISCUSSION

#### A.     Standard of Review

The district court reviews de novo those portions of the R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). As to the underlying summary judgment motions, summary judgment must be granted, entitling the movant to judgment as a matter of law, if the movant shows that no genuine dispute of material fact exists. Fed. R. Civ. P. 56(a). A fact is "material" if "it might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When ruling on a summary judgment motion, "[t]he [C]ourt views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996) (citation omitted). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his

7

pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. In addition, summary judgment is appropriate when the nonmoving party fails "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### B. Objections

Plaintiff's Objections to the R & R were filed on August 12, 2013. He challenges the following conclusions reached by the Magistrate Judge: (1) that Plaintiff's food contamination claim against Defendants Roy, Grandlienard, Reishus, and Stevenson fails as a matter of law; (2) that Plaintiff's food contamination claim against Defendants Besonen, Gross, Johnson, Nuehring, and Ploussard fails for lack of a genuine issue of material fact; (3) that Plaintiff's excessive force claim is not actionable; and (4) that Plaintiff's due process claim fails for lack of a constitutionally protected liberty interest.[3] (See Pl.'s Objections to the Magistrate Judge's R & R, dated Aug. 5, 2013 ("Pl.'s Obj."), at 1–2 [Doc. No. 41].) Defendants responded to Plaintiff's objections on August 23 [Doc. No. 42].

---

[3] Plaintiff also makes several conclusory remarks in conjunction with his objections. First, he asserts that the Magistrate Judge improperly weighed the conflicting evidence in favor of Defendants. (See Pl.'s Obj. at 3.) This Court disagrees and finds that the Magistrate Judge properly applied the summary judgment standard. However, even if Plaintiff were correct, this Court's de novo review of the portions of the R & R to which Plaintiff objects renders his concern moot. Second, Plaintiff claims that he was fraudulently diagnosed as delusional. (See id.) Third, Plaintiff asserts that his disciplinary infractions over the past several years were initiated by corrections officials retaliating against him. (See id.) Plaintiff offers no evidence in support of these conclusory remarks and does not indicate how they are relevant to his objections, so the

8

### 1. Food contamination claims

Plaintiff's first and second objections to the Magistrate Judge's R & R pertain to Plaintiff's food contamination claims against Defendants Roy, Grandlienard, Reishus, Stevenson, Besonen, Gross, Johnson, Nuehring, and Ploussard.[4] (Pl.'s Obj. at 1.) As noted above, a party opposing a motion for summary judgment may not rest on mere allegations or denials, but must set forth facts in the record showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256. Thus, "'a properly supported motion for summary judgment is not defeated by self-serving affidavits.' Rather, the plaintiff 'must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor.'" Bacon v. Hennepin Cnty. Med. Ctr., 550 F.3d 711, 716 (8th Cir. 2008) (citations omitted).

In support of his objections to the Magistrate Judge's findings regarding the food contamination claims, Plaintiff relies on the Complaint, his brief in opposition to Defendants' Motion for Summary Judgment, and three personal declarations he submitted in opposition to Defendants' Motion.[5] (See Pl.'s Obj. at 1.) Attached to the

---

Court will disregard them.

[4] Plaintiff did not make any allegations against Defendants Green, Klin, or Revard regarding food contamination.

[5] Plaintiff also submitted a news article with his objections as "further evidence to prove that prison staff have a history of delivering food contaminated w/ feces to inmates like [him]self who are in punitive solitary confinement." (Pl.'s Obj. at 1; see id., Ex. Z.) The article does not discuss any of the parties in this case or the MCF-OPH, and so it has no tendency to make any facts of consequence to this action more or less probable than they would be without the article. Therefore, the article is not relevant to the present case. See Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Because "[o]nly admissible evidence may be used to defeat . . . a [summary

declarations are multiple grievance forms in which Plaintiff complained of receiving contaminated food. (See Decl. of Evid. Showing DOC Staff Refused to Investigate Pl.'s Food Contamination Claims, Exs. A–B [Doc. No. 34]; Pl.'s Decl. of Food Contamination Grievances, Exs. A–D [Doc. No. 35].) The only specific objection raised by Plaintiff is that Defendants "have waived their right to argue" that Plaintiff has not established a genuine issue of material fact because they refused to test and store the food Plaintiff claimed was contaminated. (Pl.'s Obj. at 1.)

The Magistrate Judge properly determined that Plaintiff's allegations of food contamination are not supported by sufficient evidence from which a rational factfinder could conclude that Plaintiff's food was ever contaminated. (See R & R at 12.) First, the evidence, in the form of allegations made by Plaintiff in his declarations and complaints made by Plaintiff in his grievances, consists entirely of Plaintiff's own self-serving statements. Without further support, these bare allegations are insufficient to allow Plaintiff's food contamination claims to survive a motion for summary judgment. Second, Plaintiff has not demonstrated the existence of any obligation Defendants had to test and store the allegedly contaminated food. Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's food contamination claims against Defendants Roy, Grandlienard, Reishus, Stevenson, Besonen, Gross, Johnson, Nuehring, and Ploussard be dismissed with prejudice.[6]

---

judgment] motion," the Court will disregard the article. Henthorn v. Capitol Commc'ns, Inc., 359 F.3d 1021, 1026 (8th Cir. 2004) (citation omitted).

[6] The Magistrate Judge found that Plaintiff's food contamination claim against Defendants Roy, Grandlienard, Reishus, and Stevenson is barred because their

## 2. Excessive force claim

Plaintiff also objects to the Magistrate Judge's determination that Plaintiff's excessive force claim is not actionable. (Pl.'s Obj. at 2.) As properly noted by the Magistrate Judge, a prisoner must satisfy two requirements to establish an Eighth Amendment violation: (1) "viewed objectively, the deprivation of rights was sufficiently serious"; and (2) "the prison officials had a 'sufficiently culpable state of mind.'" Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The second element is "the core judicial inquiry." Jones v. Shields, 207 F.3d 491, 495 (8th Cir. 2000). In excessive force claims, this element requires a determination of "whether the force was used 'in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Irving, 519 F.3d at 446 (quoting Arnold v. Groose, 109 F.3d 1292, 1298 (8th Cir. 1997)). The Court considers "whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by correctional

---

involvement in the alleged food contamination was only passive and they were not directly responsible for the conduct of which Plaintiff complained. (See R & R at 9–11.) It is true that "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (citations omitted). However, the Court respectfully takes exception to the Magistrate Judge's interpretation of the case law to preclude a finding of a genuine issue of material fact where a defendant's involvement is passive. (See R & R at 10–11.) For example, in Madewell v. Roberts, the Eighth Circuit found that summary judgment in favor of two defendant prison officials was inappropriate where the officials "had personal knowledge of [the prisoners' allegedly poor working conditions] through their review of the relevant grievances." 909 F.2d at 1208. That being said, even if a valid claim could be asserted against Defendants Roy, Grandlienard, Reishus, and Stevenson based on their receipt of Plaintiff's grievances, that claim still fails for the reasons articulated in Part B1.

officers, the efforts by the officers to temper the severity of the forceful response, and the extent of the inmate's injuries." Johnson v. Hamilton, 452 F.3d 967, 972 (8th Cir. 2006).

As noted by the Eighth Circuit, "the use of force is sometimes required in prison settings." Id. Therefore, "guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically." Id. When an inmate is noncompliant, physical force may be permissible even if the inmate is restrained. See, e.g., Johnson, 452 F.3d at 970–72 (affirming summary judgment dismissing prisoner's excessive force claim when prison employees physically restrained and punched a prisoner who pushed and punched one of the employees); Jasper v. Thalacker, 999 F.2d 353, 354 (8th Cir. 1993) (affirming judgment for prison officials on prisoner's Eighth Amendment claim when a prison guard used a stun gun on a combative prisoner who had already been restrained); Tate v. Rockford, 497 Fed. App'x 921, 924–25 (11th Cir. 2012) (affirming summary judgment dismissing prisoner's excessive force claim when prison officers pushed a handcuffed prisoner against a wall and hit him after the prisoner threatened the officers and had recently been involved in a physical altercation with another officer).

Plaintiff makes no specific argument in support of his objection, but instead relies on the Complaint, his brief in opposition to Defendants' Motion for Summary Judgment, and three personal declarations he submitted in opposition to Defendants' Motion.[7] (See

---

[7] Plaintiff also submitted a news article with his objections "as evidence that corrections officers do frequently subject mental health patient/prisoners to unprovoked attacks of violence." (Pl.'s Obj. at 2; see id., Ex. Y.) For the same reasons stated in footnote 5, the Court will disregard the article.

Pl.'s Obj. at 2.) However, as captured on undisputed video evidence,[8] the officers used reasonable force in restraining Plaintiff during both altercations that occurred on December 18, 2011. Therefore, the Magistrate Judge properly concluded that Defendants' use of force on Plaintiff was "merely a 'good faith effort to maintain or restore discipline,' and, thus, did not constitute a violation of the Eighth Amendment[]." (R & R at 13–14.)

In regard to the first altercation, the video recording shows that there was an objective need to apply physical force to Plaintiff because he initiated the incident by lowering his shoulder into Defendant Johnson and propelling them both down the staircase. Plaintiff then beat Defendant Johnson on the head. The amount of force Defendants used was enough to take Plaintiff to the ground so that he could be handcuffed and restrained, which was not excessive considering the need for the restraint. In addition, based on Plaintiff's assaultive conduct, the apparent threat to the officers was real.

---

[8] As noted by Defendants, a court need not adopt the version of facts put forth in an affidavit by the party opposing a motion for summary judgment when that party's version of the facts is plainly contradicted by video evidence. (See Defs.' Resp. at 4 [Doc. No. 42].) According to the U.S. Supreme Court, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Here, while Plaintiff contends that he was attacked by Defendants without provocation, his statements are plainly contradicted by video evidence demonstrating that Plaintiff initiated the altercations. Therefore, the Court may adopt the version of facts depicted in the video recording. See id. at 380–81 (finding that "Respondent's version of events [was] so utterly discredited by the record that no reasonable jury could have believed him," and, therefore, "[t]he Court of Appeals . . . should have viewed the facts in the light depicted by the videotape"). Moreover, Plaintiff's assertion that the video "is altered, edited, and false," (Decl. in Resp. to Ex. D of Monio Aff. ¶ 3 [Doc. No. 31]), is unsupported by evidence and is, therefore, insufficient to defeat a motion for summary judgment, see Anderson, 477 U.S. at 256.

As for the second altercation, there was an objective need to apply physical force to Plaintiff because he actively resisted his escort.[9] The video recording shows that the use of force, which undisputedly involved several strikes to Plaintiff's body, continued only while Plaintiff resisted his escort and was limited to taking Plaintiff to the ground. This was not excessive, considering the need for the restraint and the real threat to the officers based on Plaintiff's very recent assaultive conduct. Accordingly, the force was not used maliciously or sadistically but rather in a good faith effort to maintain or restore discipline. Because Plaintiff has not demonstrated the existence of a genuine issue of material fact regarding the second element of his excessive force claim, the Court adopts the Magistrate Judge's recommendation that the claim be dismissed with prejudice.[10]

---

[9] Defendant Ploussard contends that Plaintiff also tried to bite him. (Ploussard Aff. ¶ 6.) Plaintiff disputes this allegation, (see Compl. ¶ 20), and the video recording does not resolve the issue, (see Monio Aff., Ex. D). However, as analyzed above, even viewing the evidence in the light most favorable to Plaintiff and assuming that he did not attempt to bite Defendant Ploussard, Plaintiff has not demonstrated that there is a genuine issue of material fact as to this element of his claim.

[10] While the Magistrate Judge dismissed Plaintiff's excessive force claim based on his failure to raise a genuine issue of material fact as to the second element alone, the Magistrate Judge also noted that Plaintiff's injuries were "not 'sufficiently serious'" to satisfy the first element of his claim. (R & R at 16.) This Court agrees. Plaintiff alleges that he suffered gashes, lacerations, bruises, abrasions, black eyes, a chipped tooth, sprained wrists, scarring, and headaches, but he offers no evidence other than self-serving affidavits in support of those allegations. (See Compl. ¶¶ 23–25; Pl.'s Mem. of Law in Opp. to Defs.' Summ. J. Mot. at 3 [Doc. No. 30]; Decl. in Resp. to Ex. D of Monio Aff. ¶ 6; Decl. of Pl.'s Injuries Caused by Defs. ¶¶ 2–3 [Doc. No. 36].) As discussed above, these self-serving statements are not sufficient to defeat a motion for summary judgment. See Bacon, 550 F.3d at 716. Moreover, similar injuries have been held to be minor in other cases. See, e.g., Wertish v. Krueger, 433 F.3d 1062, 1067 (8th Cir. 2006) ("[B]ecause some force was reasonably required to arrest and handcuff [the plaintiff], his relatively minor scrapes and bruises and the less-than-permanent aggravation of a prior shoulder condition were de minimis injuries that support the conclusion that [the defendant] did not use excessive force."); Tate, 497 Fed. App'x at 925 (affirming

### 3. Due process claim

Finally, Plaintiff objects to the Magistrate Judge's determination that Plaintiff's due process claim fails for lack of a constitutionally protected liberty interest.[11] (Pl.'s Obj. at 2.) Under the Fourteenth Amendment, an individual may not be deprived of life, liberty, or property without due process of law. However, "[i]t is well-established that the constitutional rights of prison inmates are legitimately curtailed as a result of their convictions for criminal offenses." Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (citations omitted). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995). Therefore, a prisoner's liberty interests "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (citations omitted). "[The Eighth Circuit has] consistently held that administrative and disciplinary segregation are not atypical and significant hardships . . . ." Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002) (citations omitted).

In support of his objections to the Magistrate Judge's findings, Plaintiff relies on the Complaint and his brief in opposition to Defendants' Motion for Summary Judgment. (See Pl.'s Obj. at 2.) In those documents, Plaintiff does not assert that the conditions

---

summary judgment dismissing prisoner's excessive force claim where the prisoner sustained "a laceration on his forehead, several small abrasions and cuts, and a swollen right eye").
[11] Because Plaintiff does not contest the Magistrate Judge's finding that he received all of

imposed during segregation amount to deprivation of a protected liberty interest; rather, he challenges the length of the segregation. (See Compl. ¶¶ 32–48; Pl.'s Mem. of Law in Opp. to Defs.' Summ. J. Mot. at 10.) And, Plaintiff's only specific objection to the Magistrate Judge's conclusions as to the due process claim is that, as a court-committed mental health patient, punitive segregation is counter-therapeutic and prevents his condition from improving. (See Pl.'s Obj. at 2.) Therefore, he asserts, he has a constitutionally protected liberty interest in being free from punitive segregation. (See id.)

The Magistrate Judge properly concluded that Plaintiff has not demonstrated a genuine issue of material fact that he has a protected liberty interest in being free from his disciplinary sentence to segregation. As noted by the Magistrate Judge, transfer to segregated confinement for 23 months, as in Plaintiff's case, generally does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life.[12] See, e.g., Rahman X v. Morgan, 300 F.3d 970, 973–74 (8th Cir. 2002) (finding that 26 months of segregated confinement was not an atypical and significant hardship); Bunch v. Long, No. 06-4204-CV-C-NKL, 2008 U.S. Dist. LEXIS 118598, at *9–10 (W.D. Mo. Sept. 10, 2008) (finding that 22 months in administrative segregation did not support a finding of an atypical and significant hardship). And, the fact that Plaintiff suffers from

---

the process to which he was entitled, the Court will not address that issue.

[12] Plaintiff also asserts that the 690-day sentence was improper because the maximum penalty for the assault charges was 180 days each. (See Compl. ¶ 45; Pl.'s Mem. of Law in Opp. to Defs.' Summ. J. Mot. at 10.) However, Plaintiff was charged with "aggravated" assault. According to prison regulations, the maximum segregation penalty for an "aggravated" assault charge is double the existing segregation

16

mental illness does not compel a different result. See Haggins v. MN Comm'r of Corrections, Civ. No. 10-1002 (DWF/LIB), 2012 WL 983590, at *9 (D. Minn. Feb. 14, 2012) (citation omitted) (finding that 19 months in segregated confinement did not support a finding of an atypical and significant hardship even where the prisoner was mentally ill). Accordingly, because Plaintiff has not presented evidence demonstrating that his disciplinary sentence to segregation constitutes an atypical and significant hardship in relation to ordinary prison life, the Court adopts the Magistrate Judge's recommendation that Plaintiff's due process claim be dismissed with prejudice.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections [Doc. No. 41] to the Magistrate Judge's July 23, 2013, Report and Recommendation [Doc. No. 40] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Doc. No. 40] is **ADOPTED**;

3. Defendants' Motion for Summary Judgment [Doc. No. 16] is **GRANTED**;

4. Plaintiff's Motion to Deny Defendants' Summary Judgment Motion [Doc. No. 29] is **DENIED**; and

5. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 3, 2013          s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge

---

penalty. (See Monio Aff., Ex. H.)